IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| **DAMIEN M. BALARK,** | : | **PRISONER CIVIL RIGHTS** |
| Cobb County ID # 1000882, | : | **42 U.S.C. § 1983** |
|     Plaintiff, | : | |
| | : | |
| v. | : | **CIVIL ACTION NO.** |
| | : | **1:13-CV-617-TWT-AJB** |
| **COBB COUNTY ADULT** | : | |
| **DETENTION CENTER,** | : | |
|     Defendant. | : | |

**UNITED STATES MAGISTRATE JUDGE'S**
**FINAL REPORT AND RECOMMENDATION**

Plaintiff, Damien M. Balark, confined at the Cobb County Adult Detention Center in Marietta, Georgia, has filed a *pro se* civil rights complaint. [Doc. 1.] The Court granted Plaintiff's request to proceed *in forma pauperis*, [Doc. 3], and the complaint is now before the Court for screening under 28 U.S.C. § 1915A.

**I.     28 U.S.C. § 1915A Standard**

The Court must screen a prisoner complaint against a governmental entity, officer, or employee and dismiss the complaint or any portion thereof if it (1) "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or (2) "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(a), (b)(1) & (2).  A claim is frivolous when it "lacks an arguable

basis either in law or in fact." *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (quoting *Neitzke v. Williams*, 490 U.S. 319, 327 (1989)) (internal quotation marks omitted). A complaint fails to state a claim when the factual allegations, accepted as true, do not "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). A viable claim must be "plausible on its face." *Id.* at 570.

In order to satisfy the plausibility standard, the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The Court construes the factual allegations favorably to a *pro se* plaintiff and holds *pro se* pleadings to "less stringent standards than formal pleadings drafted by lawyers . . . ." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

"To state a claim under 42 U.S.C. § 1983, a plaintiff must allege that (1) the defendant deprived him of a right secured under the United States Constitution or federal law and (2) such deprivation occurred under color of state law." *Richardson v. Johnson*, 598 F.3d 734, 737 (11th Cir. 2010) (citing *U.S. Steel, LLC v. Tieco, Inc.*,

2

AO 72A
(Rev.8/82)

261 F.3d 1275, 1288 (11th Cir. 2001), and *Arrington v. Cobb Cnty.*, 139 F.3d 865, 872 (11th Cir. 1998)).

## II. Discussion

Plaintiff brings this action against the Cobb County Adult Detention Center ("Center"). Plaintiff's allegations focus on two incidents. First, Plaintiff alleges that three inmates threatened him. Plaintiff's girlfriend notified the Center about the threats, but Major Smith failed to investigate. Major Smith placed Plaintiff in administrative segregation. Plaintiff was then taken to the infirmary, where he had to undress, lie on a dirty floor, and wear a "padded smock." [Doc. 1 at 4.] The smock did not fit properly, causing Plaintiff to feel shame and humiliation. Plaintiff "had to endure seeing two males' genitalia," which was "just as damaging" as the rape and molestation that he experienced as a child. [*Id.*] Plaintiff is confined to his cell 23 hours each day, "with a choice of only two hours for visitation, versus the twelve hour choice that [he] was accustomed to." [*Id.*]

In the second incident, Plaintiff's foot became caught in a shower drain that lacked a cover. Plaintiff slipped and fell, causing a cut ankle, scraped elbow, and swollen collarbone. Plaintiff did not attempt to call for help from the shower but instead waited until he returned to his cell. Plaintiff pressed the "emergency button"

3

AO 72A
(Rev.8/82)

in his cell, but Officer Davis failed to respond. [*Id.*] It is unclear whether that button was functioning; Plaintiff states that, unbeknownst to him, there was another such button in the shower, and he would have pressed it, but it did not work. Plaintiff received treatment at the infirmary from Dr. Nguyen, who prescribed painkillers and stated that swelling of the collarbone was normal. Plaintiff alleges that the painkillers were ineffective and that he has an abnormal "protruding clavicle joint." [*Id.*] Plaintiff seeks monetary relief in connection with both incidents.

As an initial matter, Plaintiff cannot sue the Cobb County Adult Detention Center because it is not a legal entity subject to suit under § 1983. *See Moxley v. Coursey*, No. CV 111-024, 2012 WL 3260264 at *2 (S.D. Ga. July 17, 2012) (citing cases). Even if Plaintiff had named as defendants the prison officials mentioned in the complaint, the following law and analysis indicate that Plaintiff would fail to state a claim.

### A.   Inmate Threats

Plaintiff alleges that Major Smith failed to investigate threats against him by other inmates. "[P]rison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks omitted). "A prison official's deliberate indifference to a substantial

4

risk of serious harm to an inmate violates the Eighth Amendment." *Id.* at 828 (internal quotation marks omitted). "[D]eliberate indifference entails something more than mere negligence . . . [but] something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result." *Id.* at 835. A prison official is deliberately indifferent if he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837; *see also Carter v. Galloway*, 352 F.3d 1346, 1349 (11th Cir. 2003). In this case, Plaintiff does not allege that Major Smith disregarded the risk to Plaintiff's safety. Major Smith responded to the report of threats by placing Plaintiff in administrative segregation. Therefore, Plaintiff has not alleged that Major Smith acted with deliberate indifference.

### B.     Administrative Segregation

Plaintiff does not directly challenge his confinement in administrative segregation, but he indicates that that confinement is less desirable than his previous confinement. The Court notes that "[u]nder certain circumstances, administrative segregation is a necessary limitation of privileges and rights that incarceration demands." *Al-Amin v. Donald*, 165 Fed. Appx. 733, 738 (11th Cir. Jan. 27, 2006).

AO 72A
(Rev.8/82)

"Confinement to administrative segregation, under conditions substantially similar to those experienced by the general population of the prison, does not implicate liberty interests in the way that involuntary transfer to a mental hospital or involuntary administration of psychotropic drugs does." *Id.* If Plaintiff intended to claim a violation of his due process rights by his placement in administrative segregation, he has not alleged any facts suggesting a liberty interest in freedom from that confinement.

### C. Mental and Emotional Injuries

Plaintiff alleges that he suffered psychological damage when he saw two males' genitalia. Plaintiff also alleges that he felt shame and humiliation when required to wear an ill-fitting smock. However, title 42 U.S.C. § 1997e(e) provides: "No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as defined in section 2246 of title 18)." *See also Mitchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1312-13 (11th Cir. 2002). Because Plaintiff has not alleged physical injury or a sexual act in connection with his mental and emotional injuries, he does not state a claim upon which relief can be granted.

6

### D. Medical Care

Plaintiff alleges that Officer Davis failed to respond when Plaintiff called for emergency assistance from his cell. Plaintiff further alleges that Dr. Nguyen's prescription of painkillers was ineffective. Deliberate indifference to a prisoner's serious medical needs violates the Eighth and Fourteenth Amendments, and the standard is the same under both amendments. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976); *Marsh v. Butler Cnty.*, 268 F.3d 1014, 1024 n.5 (11th Cir. 2001) (en banc). "To prevail on a claim for inadequate medical treatment, a prisoner must satisfy an objective and a subjective requirement. . . . He must show an objectively serious deprivation of medical care by demonstrating (1) an objectively serious medical need . . . that, if left unattended, poses a substantial risk of serious harm, and (2) that the prison official's response to that need was poor enough to constitute an unnecessary and wanton infliction of pain, and not merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law. . . . A prisoner must also show a prison official's subjective intent to punish by demonstrating that the official acted with deliberate indifference. . . . To satisfy this requirement, a prisoner can show the prison official's: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence."

7

*Barnes v. Martin Cnty. Sheriff's Dep't*, 326 Fed. Appx. 533, 534-35 (11th Cir. 2009) (citations and internal quotation marks omitted).

As to the objective requirement of his claim, Plaintiff has not alleged a deprivation of medical care. Plaintiff alleges deficiencies in his care, including Officer Davis's failure to respond and ineffective treatment by Dr. Nguyen. These deficiencies suggest negligence rather than wanton infliction of pain. As to the subjective requirement of his claim, plaintiff has not alleged any facts regarding the intentions of Officer Davis and Dr. Nguyen. Having failed to allege facts demonstrating the requirements, plaintiff has not stated a claim upon which relief may be granted.

## III.   Conclusion

For the reasons stated above, **IT IS RECOMMENDED** that this action be **DISMISSED** for failure to state a claim.[1] The Clerk is **DIRECTED** to terminate the

---

[1] When it appears that a *pro se* plaintiff's complaint, if more carefully drafted, might state a claim, the district court should give the *pro se* plaintiff an opportunity to amend his complaint instead of dismissing it with prejudice. *See Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir.1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002) (en banc). Although *Wagner* overruled *Bank* as to counseled litigants, it specifically stated that it did not address *pro se* litigants. *See Wagner*, 314 F.3d at 542 n.1. Thus, the *Bank* rule remains applicable to *pro se* litigants when their complaints are dismissed with prejudice. *Id.*; *see also Duff v. Steub*, 378 Fed. Appx. 868, 872 n.5 (11th Cir. Apr. 29, 2010). Dismissal with prejudice is proper, however, if the *pro se* plaintiff has indicated that he does not wish to amend his complaint or if a more carefully drafted complaint could not

AO 72A
(Rev.8/82)

reference to the undersigned.

**IT IS SO RECOMMENDED and DIRECTED**, this  6th  day of May, 2013.

_____
ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE

---

state a valid claim.  *Jemison v. Mitchell*, 380 Fed. Appx. 904, 907 (11th Cir. May 27, 2010).  Given the lack of factual basis and the absence of a recognizable legal claim for relief in any of Plaintiff's claims, the undersigned **RECOMMENDS** that leave to amend not be granted.

9